## EAST CLEVELAND (city) v KING

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15284. Decided March 16, 1936

E. A. Binyon, Cleveland, for plaintiff in error.

Lurie & Zaller, Cleveland, for defendant in error.

488

## OPINION

### By LIEGHLEY, PJ.

The proof is in conflict in respect to the amount of elevation or offset at the junction of the two flagstones. The proof ranges from one-half inch to two inches. While the more credible proof tends to establish that the offset was an inch or less, there is proof that one stone was elevated as much as two inches above the other adjacent to it. Whether the off-set was less than one-half inch or as much as two inches was a jury question as that issue was in substantial dispute. The jury may have believed that the offset was as much as two inches as there was no special finding.

In view of the conflicting proof as to difference in amount of off-set or elevation of the two flagstones, the measure of about two inches must be assumed to be correct, for purposes of review of this judgment.

The witness, Baldwin, who was her companion at the time she fell says she stubbed her toe on the alleged perilous condition. The sidewalk had been in the same condition for a year or two.

Even if the jury found the off-set to be something less than two inches, it nevertheless determined that a defective condition existed constituting a nuisance. The petition avers a one inch off-set. There was strong proof that the elevation was nearer an inch than two inches. Although the dimension is in dispute, that there was a defect is not in dispute. If the jury did so find, then such judgments tend to make a municipality an insurer of the safety of its streets and sidewalks. But existing law seems to compel the issue of a nuisance to be submitted to the jury when there exists a structural defect.

Off-sets of one to two inches at the junction of flagstones or concrete blocks used in the construction of sidewalks may be discerned from the windows of this court house at this moment. However, until the rule of the case of **Gibbs v Village of Girard, 88 Oh St 34,** is reversed or modified,

this and like judgments must be affirmed. This Gibbs case involved a two-inch off-set in a sidewalk said to be a "specific, definite defect." Although distinguished in the case of **J. C. Penny Company v Robinson, 128 Oh St 634,** the principle of the Gibbs case seems to be approved and reaffirmed.

The judgment is affirmed with exceptions noted.

LEVINE, J, concurs.
TERRELL, J, dissents.

## DISSENTING OPINION

### By TERRELL, J.

The plaintiff in this action contends that she was injured by reason of a nuisance in the sidewalk, which was occasioned by one stone being lower than the adjacent stone causing an offset of approximately one inch. She claims to have tripped by reason of this offset, as a result of which she was injured.

It may be taken for granted that when her lawyer prepared her petition he stated in the petition the maximum depth of the offset. Some of the witnesses for plaintiff testified that this offset was one and a half inches to two inches in depth. In preparing his case the lawyer for plaintiff had a photograph taken of this off-set and to have the depth of the offset shown upon the photograph he placed a nickel coin against the rise of the offset. This clearly shows in the photograph that the depth of this offset is about one-fourth less than the diameter of the nickel. The diameter of the nickel is thirteen-sixteenths of an inch. This offset complained about is, then less than thirteen-sixteenths of an inch.

It is my opinion that plaintiff is bound by this evidence as an admission against her interest; that although some of the witnesses testified that this offset was one and one-half to two inches, that testimony cannot overcome the apparent admission of plaintiff. With this apparent admission of plaintiff as to the depth of this offset and the evidence of this photograph, no reasonable minds could come to any other conclusion than that this offset was less than the diameter of a nickel.

The only question now remaining is to determine whether, in a sidewalk with a depression or offset to the depth of less than the diameter of a nickel, such a condition would create a nuisance and cause the city to be liable for damages arising

therefrom. It is my opinion that such a slight defect in a sidewalk, as a matter of law, is not a nuisance and creates no liability upon the part of a city for injuries resulting therefrom. To hold otherwise appears to me to place upon the city the liability of an insurer.

In this climate, with the changes of temperature that we have, with the condition of frost in the ground and the necessary expansion of joints in sidewalks resulting therefrom, and with the ordinary wear and tear upon sidewalks, it appears to me that it would be unreasonable to require the city to maintain its sidewalks in such a smooth and level condition that there would not appear therein a depression or offset to a depth less than the diameter of a nickel.